**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YANNA VILLAFANA BONACHEA, | Civil Action No. 26-1751 (ZNQ) |
| Petitioner, | |
| v. | **OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's habeas petition challenging her ongoing immigration detention.  (ECF No. 1.)  Following an order to answer, the Government filed a response to the petition (ECF No. 5), to which Petitioner replied.  (ECF Nos. 5, 7-8.)  Also before the Court is Petitioner's motion to seal her reply.  (ECF No. 6.)  For the following reasons, Petitioner's habeas petition shall be granted, and Petitioner shall be accorded with a bond hearing at which the Government bears the burden of proof by clear and convincing evidence within ten days, and Petitioner's motion to seal shall be granted.

I.    **BACKGROUND**

Petitioner is a native and citizen of Cuba who crossed the United States border without admission or inspection on or about December 12, 2022.  (ECF No. 4-1 at 2-3.)  She was encountered by immigration officials shortly after entering the United States, and was processed for expedited removal pursuant to 8 U.S.C. § 1225(b)(1).  (*Id.* at 3.)  Petitioner was found to be inadmissible, but expressed a fear of return to Cuba and was therefore referred for an eventual

credible fear interview.  (*Id.*)  Petitioner was thereafter apparently released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A).  (ECF No. 1 at 14.)  Petitioner apparently remained on parole until January 29, 2026, when she was arrested by immigration officials and taken back into custody under 8 U.S.C. § 1225(b)(1).  Petitioner has remained detained since that time pursuant to 8 U.S.C. § 1225(b)(1).  (*Id.*)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.   DISCUSSION

In her habeas petition, Petitioner contends that her continued detention under 8 U.S.C. § 1225(b) is unlawful.  The Government instead argues that she remains subject to § 1225(b)(1) in light of the circumstances of her initial detention and parole.  As this Court has previously explained,

> Aliens who attempt to enter the United States illegally and who are detained shortly after making an unlawful crossing of the border are "treated as an applicant for admission" and are subject to the terms of § 1225(b)(1).  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103,  139-40 (2020).  As the Third Circuit has explained, "[u]nder 8 U.S.C. § 1225(b)(1) and its companion regulations, two classes of aliens are subject to [detention and] expedited removal [proceedings under § 1225(b)(1)] if an immigration officer determines they are inadmissible due to misrepresentation or lack of immigration papers: (1) aliens 'arriving in the United States,' and (2) aliens

'encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border." *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). Aliens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution should they be deported, in which case they are referred for further proceedings regarding their expressed fear. *Id.* Aliens who are taken into custody under § 1225(b)(1) are subject to mandatory detention throughout their removal and credible fear proceedings, though the Government may in its discretion temporarily parole such aliens into the United States "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). Detention under the statute remains mandatory until the conclusion of the alien's removal proceedings, after which an alien would have a final order of removal, and detention under § 1225(b)(1) ends. *Id.* at 300-03.

*Arcos Tasigchana v. Soto*, No. 25-18252, 2026 WL 266170, at *1 (D.N.J. Feb. 2, 2026).

Aliens subject to expedited removal under 8 U.S.C. § 1225(b)(1) are therefore subject to mandatory detention throughout their removal proceedings, and are generally not entitled to release unless the Government chooses to parole them. *Id.* The parole statute, 8 U.S.C. § 1182(d)(5)(A), provides that an alien who is paroled "shall forthwith return or be returned to the custody from which he was paroled" and continue to be detained pursuant to the original detention statute.

In this matter, Petitioner was arrested shortly after crossing the border and found to be subject to 8 U.S.C. § 1225(b)(1). She was thereafter referred for an evaluation of her fear of removal. That Petitioner was paroled from custody does not render her free of mandatory detention – instead she remains subject to mandatory detention under the statute. *See Arcos Tasigchana*, 2026 WL 266170 at *1-2; *see also Jennings*, 583 U.S. at 297 (until the relevant proceedings under § 1225(b) end "nothing in the statutory text imposes any limit on the length of detention"). Thus,

under the text of the relevant statutes, Petitioner is subject to mandatory detention and is not entitled to release or a bond hearing.

Although she may be subject to mandatory detention under § 1225(b)(1), Petitioner also argues that her extended detention without bond violates her rights to Due Process.  As this Court recently explained,

> Although aliens subject to detention under § 1225(b)(1) "have only those rights regarding admission that Congress has provided by statute" and the Due Process clause does not provide for detailed review of those statutory proceedings, *see Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020), it does not follow that the Due Process clause is silent as to the rights of aliens to liberty following prolonged detention, especially where that alien was previously permitted to be at liberty on parole for a considerable period.
>
> Courts in this District have long presumed that aliens subject to prolonged detention under the statute have a liberty interest in release from detention which requires a bond hearing.  *See, e.g., Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442-43 (D.N.J. 2019).  In so doing, courts have analogized mandatory detention under 1225(b) to the similar mandatory detention required for aliens who have qualifying criminal convictions under 8 U.S.C. § 1226(c).  *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-13 (3d Cir. 2020).  In *German Santos*, the Court of Appeals held that where an alien is subject to prolonged detention under the statute, that detention will eventually reach a point where it essentially becomes arbitrary in light of the purposes and presumptions underlying the statute.  *Id.*  In the context of those with criminal convictions subject to detention under § 1226(c), detention "becomes more and more suspect after five months and in most cases will become "unreasonable sometime between six months and one year."  *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433-34 (3d Cir. 2026).  Once the length of detention becomes suspect, a reviewing court must consider the length of detention and likelihood of lengthy continued condition, the similarity of Petitioner's conditions of confinement to criminal detention, and the Petitioner's responsibility for the length of his own detention in determining whether detention has become arbitrary in light of the purposes of § 1226(c).  *German Santos*, 965 F.3d at 211.  Where those factors indicate that detention has become arbitrary, the alien is entitled to a bond hearing at which the

Government bears the burden of proving that further detention is necessary by showing that the Petitioner is a danger or flight risk by clear and convincing evidence. *Id.* at 213-14.

This Court agrees that, at a certain point, detention under § 1225(b)(1) will become so prolonged that it becomes arbitrary and Due Process will require a bond hearing. *Tuser E.*, 370 F. Supp. 3d 442-43. The question that remains, then, is at what point detention will become suspect. Although in the § 1226(c) context, detention will become arbitrary only after cresting five months, that length of time is based on the concept that the court can essentially presume that an alien convicted of qualifying crimes is a flight risk or danger to the community for the length of time it ordinarily would take to complete removal proceedings. *German Santos*, 965 F.3d at 209-10. The alien's criminal history is in that context providing the basis for the presumption which places a limits on his liberty interests in the § 1226(c) context.

Aliens detained under § 1225(b)(1) are not held based on a criminal history[.] The statute instead relies chiefly on the presumption that an alien with no clear right to admission into the United States is a flight risk and may therefore be detained for the relatively limited period of time required for him to receive an *expedited* order of removal. *See, e.g.,* 8 U.S.C. § 1225(b)(1)(A). Such proceedings are clearly intended to be considerably shorter than the general removal proceedings to which criminal aliens already in the United States are subject under § 1226(c), and the presumptive basis for mandatory detention under the statute is considerably weaker than that applicable to criminal aliens as it is based solely on the lack of legal status rather than past misdeeds. It therefore follows that detention under § 1225(b)(1) should become suspect far sooner than detention under § 1226(c).

*Martinez Olivo v. Soto*, No. 26-2122, 2026 WL 1265500, at *2-3. In light of the lesser justification for prolonged detention under § 1225(b)(1), this Court has found that detention in a jail-like detention facility for several months following a lengthy period of parole within the United States is sufficient to warrant the granting of a bond hearing. *Id.*

Like the petitioner in *Martinez Olivo*, Petitioner has been detained in a jail-like detention facility for several months after a lengthy period of parole without any evidence of criminality or other violations during that parole. The Government has not provided the Court with any evidence

that that detention is likely to end in the near future or culminate in Petitioner's removal in short order, nor has the Government provided any evidence that Petitioner is responsible for any delays in her proceedings or in prolonging her own detention.  In light of these facts, this Court finds that Petitioner's detention is sufficiently prolonged that the presumption that her lack of status renders her a flight risk is no longer sufficient to satisfy Due Process as a basis for continued detention without bond.  Petitioner's continued mandatory detention without a bond hearing has therefore become sufficiently prolonged as to be arbitrary, and she is therefore entitled to a bond hearing at which the Government bears the burden of establishing that she is a flight risk or danger to the community by clear and convincing evidence.  *German Santos*, 965 F.3d at 213-14.  Petitioner's habeas petition shall therefore be granted, and she shall be provided such a bond hearing within ten days.[1]

Finally, Petitioner has also filed a motion to seal her reply in this matter in light of sensitive information contained within that document.  (ECF No. 6.)  In light of the sensitive information contained in the reply, the lack of opposition from the Government, and the general recognition that the public has only limited rights of access to immigration habeas proceedings in any event, that motion shall be granted.

---

[1] Should Petitioner be granted release on bond, such a release shall not be construed as an admission into the United States for immigration purposes, and such release provides no legal status to remain in the United States which Petitioner did not already possess.  Release on bond would also not prevent the Government from eventually taking Petitioner into custody for the purposes of executing a final removal order.  Because the Government does not contend that Petitioner is subject to a final removal order which would support detention under 8 U.S.C. § 1231(a), the Court need not and does not decide whether the Government has the authority to detain Petitioner under that statute at this time.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **GRANTED**, and Petitioner shall be provided a bond hearing at which the Government bears the burden of demonstrating danger or flight risk by clear and convincing evidence within ten days.  Petitioner's motions to seal her reply is **GRANTED**.  An appropriate order follows.

Date: May 20, 2026

      s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
